IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GERALD STONE,<br><br>       Plaintiff,<br><br>v.<br><br>UNITED STATES<br>DEPARTMENT OF JUSTICE,<br><br>       Defendant. | Case No. 3:19-cv-00985-K-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this *pro se* Freedom of Information Act (FOIA) case is Defendant United States Department of Justice's (DOJ) Motion for Summary Judgment (ECF No. 19). For the reasons stated, the Court lacks subject-matter jurisdiction, and Plaintiff Gerald Stone's claims should be DISMISSED without prejudice.

**Background**

In 2005, Stone pleaded guilty to conspiring to steal from an organization receiving federal funds in violation of 18 U.S.C. §§ 666 and 371 and tax evasion in violation of 26 U.S.C. § 7201. *United States v. Hildenbrand*, 527 F.3d 466, 473 (5th Cir. 2008). Stone's wife, Barbara Hildenbrand, owned a business named Community Housing Fund (CHF), a nonprofit organization purportedly formed to provide affordable housing to low-income individuals. *Id.* at 470. CHF participated in HUD's Single Family Affordable Housing Program (SFAHP), which sold

properties to nonprofits at discounted prices and required them to pass that discount on to low-income buyers. *Id.* at 470-71. Stone and his company performed most of the repair and warranty work on the homes CHF bought from HUD, and, together, Stone and Hildenbrand operated a scheme to fraudulently increase the development cost of the properties, thwarting the goal of SFAHP. *Id.* at 470. After he pleaded guilty, Stone was sentenced to 24 months in prison and was ordered to pay $672,221.00 to HUD in restitution and $263,516.00 to the IRS in restitution. *Id.* at 474. On direct appeal, Stone challenged the sufficiency of the factual basis to establish that he violated 18 U.S.C. § 666, arguing that the government did not establish that SFAHP received federal funds. *Id.* at 477. The Court rejected this argument and affirmed Stone's conviction. *Id.* at 478-79. Since then, Stone has continued to unsuccessfully attack his plea agreement and the resulting judgment and restitution obligation. *See United States v. Stone,* 2017 WL 10409815, at *1–2 (N.D. Tex. Oct. 13, 2017).

On April 27, 2018 Stone filed a FOIA request with DOJ requesting that it produce agency records concerning evidence allegedly improperly withheld from him. Compl. 1 (ECF No. 3). Particularly, Stone requested "[a]ny records that show [CHF] met the requirements of any Federal regulatory program, and if so, the name and specific statute of that program." *Id.* 2. DOJ replied stating "a search for records located in the United States Attorney's Office(s) for the Northern District of Texas has revealed no responsive records regarding the above specific subject." *Id.* (emphasis in original). Stone then filed this civil action on April 29, 2019 asking

2

the Court to order DOJ to provide access to all documents that would be responsive to Stone's FOIA request. *Id.*

DOJ timely moved for summary judgment arguing: (1) subject-matter jurisdiction is lacking because Stone has not shown, and cannot show, that DOJ is withholding any responsive documents; and (2) even if jurisdiction is assumed, DOJ conducted an adequate search and met its obligations under FOIA. Def.'s MSJ Br. 1 (ECF No. 20). Stone did not respond to the Motion. Therefore, the Court considers it without the benefit of a response.

## Legal Standards and Analysis

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[1] Fed. R. Civ. P. 12(h)(3). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quotation marks and citation omitted). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United*

---

[1] While DOJ has moved for summary judgment, its first argument, based on lack of subject-matter jurisdiction, is dispositive. Because a court is powerless to grant summary judgment where it lacks subject-matter jurisdiction, *Boudloche v. Conoco Oil Corp.*, 615 F.2d 687, 688-89 (5th Cir. 1980), the Court does not apply the summary judgment standard here.

*States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citation omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted).

Subject-matter jurisdiction in a FOIA suit "is based upon the plaintiff's showing that an agency has (1) improperly (2) withheld (3) agency records." *Goldgar v. Office of Admin., Exec. Office of the President*, 26 F.3d 32, 34 (5th Cir. 1994) (citing *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980)). Because a plaintiff bears the initial burden of establishing jurisdiction, "[p]laintiffs who do not allege any improper withholding of agency records fail to state a claim for which a court has jurisdiction under the FOIA." *Id.* While it is the agency's burden to prove the non-existence of records sought, an agency meets that burden by providing evidence that the FOIA officer conducted a thorough search of the agency's records to no avail. *Id.*

Here, DOJ submits uncontroverted evidence that it did not find any documents in its files responsive to Stone's FOIA request. App. 003–04, 018 (ECF No. 21). In particular, it provides the declaration of Natasha Hudgins, an attorney-advisor with the Executive Office for United States Attorneys (EOUSA) on the FOIA staff, who states:

> USAO-TXN personnel conducted a search for responsive records by searching Plaintiff's criminal case file, as well as seven civil case files that could potentially have responsive records. Further USAO-TXN searched electronic records by using the search terms Gerald

4

> Stone, Gerry Stone, Jerry Stone, Barbara Hildenbrand, Barb Hildenbrand, Community Housing Fund, and Regulatory. . . . The USAO-TXN also emailed the records clerk, supervisory legal assistants, three Assistant United States Attorneys, and other personnel that may have had knowledge of the case or be in possession of responsive records. Further, USAO-TXN checked the Financial Litigation Unit file, and contacted the financial litigation AUSA. . . . On or about August 22, 2018, EOUSA received the search results from the USAO-TXN with a no records response.

Def.'s App. 003-004. DOJ also provides a copy of the response from the EOUSA stating that its search "revealed no responsive records" regarding Stone's FOIA request. *Id.* 018-019. Stone made no effort to respond to DOJ's argument that the Court lacks subject-matter jurisdiction, and he entirely failed to carry his burden to show that jurisdiction exists. Thus, the Court should DISMISS Stone's complaint for lack of subject-matter jurisdiction. Indeed, this result is consistent with the disposition of at least two other civil actions Stone filed against DOJ for alleged FOIA violations. *Stone v. U.S. Dep't of Just.*, 2014 WL 1281047, at *3-4 (N.D. Tex. Mar. 28, 2014) (dismissing FOIA claim for lack of subject-matter jurisdiction because Stone did not establish DOJ was improperly withholding records); *Stone v. Dep't of Just.*, 2012 WL 13134051, at *1 (S.D. Fla. May 22, 2012) (recommending same), *adopted by* 2012 WL 13134050 (S.D. Fla. July 24, 2012).

## Sanction

The Court possesses the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir.

1993). Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id*. Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195–97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). A court can impose on a vexatious litigant a pre-filing sanction, but it must weigh the following factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008).

Stone has filed numerous frivolous actions in various district courts throughout the United States in an attempt to collaterally attack his criminal conviction and sentence. The orders disposing of those actions reveal that Stone's lawsuits were duplicative and harassing. *See Hildenbrand v. U.S. Dep't of Justice*, 2012 WL 13103204, at *6-7 (N.D. Tex. Aug. 21, 2012) (dismissing in part and granting summary judgment in part, in favor of DOJ and HUD, in a FOIA action); *Stone v. Dep't of Justice*, 2012 WL 13134051, at *2 (S.D. Fla. May 22, 2012), *adopted by*, 2012 WL 13134050 (S.D. Fla. July 24, 2012) (dismissing a FOIA action against DOJ); *Stone v. IRS*, 2012 WL 7186122, at *3 (N.D. Tex. July 16, 2012)

6

(granting summary judgment in favor of the IRS in a FOIA action); *Hildenbrand v. Fahey*, 2012 WL 5844185, at *4 (N.D. Tex. Nov. 16, 2012) (granting summary judgment in favor of DOJ in a FOIA action); *Stone v. U.S. Dep't of Justice*, 2014 WL 1281047, at *4 (N.D. Tex. Mar. 28, 2014) (dismissing a FOIA action against DOJ); *Stone v. United States*, 2010 WL 2403720, at *4 (N.D. Tex. May 6, 2010), *adopted by*, 2010 WL 2404281 (N.D. Tex. June 15, 2010) ("Stone's arguments . . . are nothing more than an attempt to revisit issues that the Fifth Circuit addressed and rejected*"); Stone v. Fahey*, 2013 WL 3356399, at *2 (N.D. Tex. July 3, 2013) ("Plaintiffs' Claims Are an Impermissible Collateral Attack"); *United States v. Stone*, 430 F. App'x 365, 368 (5th Cir. 2011) ("Stone may not collaterally attack issues in his underlying criminal case"); *United States v. Stone*, 2017 WL 10409815, at *3 (N.D. Tex. Oct. 13, 2017) (writ for *coram nobis* denied "because he presented essentially the same issue in his direct criminal appeal"); *United States v. Stone*, 2010 WL 11541600, at *5 (N.D. Tex. Mar. 30, 2010) ("the issue brought by Stone has already been decided by Fifth Circuit case law"); *United States v. Stone*, 2010 WL 11541785, at *2 (N.D. Tex. June 24, 2010) ("Stone may not collaterally attack his criminal judgment in this garnishment proceeding"); *Stone v. I.R.S.*, 2012 WL 369251, at *2 (N.D. Tex. Jan. 17, 2012), *adopted by*, 2012 WL 369250 (N.D. Tex. Feb. 3, 2012) (dismissing Stone's declaratory judgment motion as "his claim is redundant with his cause of action under the FOIA"). Because Stone had been advised that his claims were duplicative, he lacked a good faith basis for filing most of these cases. The result of these actions has been a substantial burden

on scarce judicial resources. Moreover, this Court has expressly warned Stone that he would be sanctioned if he continued to file frivolous cases. *United States v. Hildenbrand*, 2017 WL 3381929, at *1, 2 (N.D. Tex. June 6, 2017) (specifically warning Stone that sanctions for future frivolous sanctions may include dismissal, monetary sanctions, and restrictions on the ability to file pleadings in this court). Stone ignored this warning and continues to file frivolous suits. The Court finds that the factors articulated above weigh in favor of imposing a pre-filing sanction. Stone should be sanctioned $200.00 and barred from filing any civil action against the United States in the Northern District of Texas before paying the sanction. There is no lesser sanction that would adequately deter Stone from continuing his pattern of filing vexatious, harassing, and duplicative lawsuits to attack his conviction.

## Recommendation

For the foregoing reasons, the Court should DISMISS Stone's complaint without prejudice for lack of subject-matter jurisdiction. Additionally, the Court should sanction Stone in the amount of $200.00 and bar him from filing any civil action against the United States in the Northern District of Texas before paying the sanction.

**SIGNED** August 10, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).